## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

| | | |
|---|---|---|
| **Michael E. Johnson, et al.,** on behalf of<br>themselves and all other similarly-situated<br>current and former employees<br>of Corrections Corporation of America, Inc., | )<br>)<br>)<br>) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No.: 3:12-cv-00246-JGH |
| | ) | |
| **CORRECTIONS CORPORATION** | ) | |
| **OF AMERICA,** | ) | |
| | ) | |
| Defendant. | ) | |

## SETTLEMENT AGREEMENT

PLAINTIFFS Michael E. Johnson, Richie Chesser, Stephen Herman, Robert K. Mitchell, Angel Pascual, Jennifer M. Ponce, Victoria Montgomery, Maurice Burke, Jr., Christy Branham, Matthew Crittenden, Amy Tackett and Troy Wilson, on behalf of themselves and all OPT-IN PLAINTIFFS, and DEFENDANT Corrections Corporation of America enter into this SETTLEMENT AGREEMENT.

## I.    RECITALS AND BACKGROUND

A.    In the LITIGATION, PLAINTIFFS and the OPT-IN PLAINTIFFS allege that DEFENDANT violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Kentucky Wage and Hour Act ("the Kentucky Act"), KRS Chapter 337, by classifying them as exempt from the overtime provisions of the FLSA and the Kentucky Act during their employment by DEFENDANT as Assistant Shift Supervisors (a/k/a Lieutenants) and Shift Supervisors (a/k/a Captains), and thereby failing to pay them overtime compensation for hours worked in excess of forty (40) hours per week.  (Dkt. #25).  PLAINTIFFS and the OPT-IN

PLAINTIFFS also allege that CCA violated the Kentucky Act by depriving them of uninterrupted meal and rest breaks without compensation. (*Id.*).

B.     DEFENDANT disputes the material allegations asserted by PLAINTIFFS and the OPT-IN PLAINTIFFS in the LITIGATION, contends that PLAINTIFFS and the OPT-IN PLAINTIFFS were properly classified as exempt from the overtime provisions of the FLSA and the Kentucky Act, denies that PLAINTIFFS and the OPT-IN PLAINTIFFS were denied meal and rest breaks under the Kentucky Act and otherwise denies any and all liability to PLAINTIFFS and the OPT-IN PLAINTIFFS.  (Dkt. #27).

C.     The PARTIES have endeavored in good faith to reach an amicable resolution of their disputes in the LITIGATION.   On or about September 30, 2013, the PARTIES participated in a judicially-hosted settlement conference.  Although no settlement was reached that day, settlement discussions continued, and a tentative settlement was ultimately reached between the PARTIES on November 4, 2013, with further details finalized on November 21, 2013, and now fully memorialized in this written SETTLEMENT AGREEMENT.

D.     DEFENDANT expressly denies any liability or wrongdoing of any kind associated with the claims asserted by PLAINTIFFS and the OPT-IN PLAINTIFFS in this LITIGATION.  By entering into the SETTLEMENT AGREEMENT, DEFENDANT does not admit any liability or wrongdoing and expressly denies the same.  It is expressly understood and agreed by the PARTIES that the SETTLEMENT AGREEMENT is being entered into by DEFENDANT solely for the purpose of avoiding the costs and disruption of ongoing litigation. Nothing in the SETTLEMENT AGREEMENT or in the PARTIES' efforts to secure an amicable resolution of this dispute may be construed or deemed as an admission by DEFENDANT of any liability, culpability, negligence, or wrongdoing.  This SETTLEMENT AGREEMENT shall not

be admissible as evidence in any proceeding, except as necessary to approve, interpret, or enforce this SETTLEMENT AGREEMENT.

E.      The OPT-IN PLAINTIFFS have authorized PLAINTIFFS to make decisions on their behalf concerning the case, the method and manner of conducting the case, the entering of an agreement with PLAINTIFFS' COUNSEL regarding payment of PLAINTIFFS' COUNSEL'S FEES AND COSTS, the approval of settlements, and all other matters pertaining to this lawsuit.

F.      The PARTIES agree to cooperate and take all steps necessary and appropriate to obtain approval of the terms of the SETTLEMENT AGREEMENT, to effectuate all aspects of the SETTLEMENT AGREEMENT, and to dismiss the LITIGATION with prejudice upon approval of the terms of the SETTLEMENT AGREEMENT.

G.      The PARTIES shall request the COURT to approve, administer, and implement the SETTLEMENT AGREEMENT with respect to all actions and claims settled in this SETTLEMENT AGREEMENT.

H.      This SETTLEMENT AGREEMENT is contingent upon the approval of the COURT and the satisfaction of the other terms set forth in this SETTLEMENT AGREEMENT. The PARTIES do not waive, and instead expressly reserve, their right to challenge the ongoing certification of this action and/or to litigate the claims asserted by PLAINTIFFS and OPT-IN PLAINTIFFS on the merits, should the COURT not approve this SETTLEMENT AGREEMENT and/or enter an APPROVAL ORDER.

## II.   DEFINITIONS

A.      "APPROVAL ORDER" refers to an order of the COURT, in the form attached hereto as EXHIBIT 2: (i) granting approval of this SETTLEMENT AGREEMENT on the terms provided herein (or as the same may be modified by subsequent mutual agreement of the

PARTIES); (ii) dismissing the LITIGATION on the merits and with prejudice; and, (iii) barring PLAINTIFFS and all OPT-IN PLAINTIFFS from prosecuting RELEASED CLAIMS against RELEASED PERSONS.

B.      "COURT" means the court having jurisdiction of the LITIGATION at any stage, presently the United States District Court for the Western District of Kentucky, Louisville Division.

C.      "DEFENDANT" means Corrections Corporation of America and its parents, subsidiaries and any other related companies.

D.      The "FINAL EFFECTIVE DATE" is the first date after all of the following events and conditions have been met or have occurred: (a) the COURT has entered an APPROVAL ORDER; (b) the COURT has dismissed the LITIGATION with prejudice; (c) the deadline has passed without action for any PARTY to terminate the SETTLEMENT AGREEMENT; and, (d) (i) PLAINTIFS and OPT-IN PLAINTIFFS thereafter waive their right to appeal from the APPROVAL ORDER in writing; or, (ii) if PLAINTIFFS and OPT-IN PLAINTIFFS do not waive their right to appeal,  the time to appeal has expired and no notice of appeal has been filed; or, (iii) in the event that an appeal is filed, the appellate process is exhausted and the APPROVAL ORDER has remained intact in all material aspects.

E.       "LITIGATION" means the legal action commenced on or about May 11, 2012, in the United States District Court for the Western District of Kentucky, Louisville Division, captioned as *Michael E. Johnson, et al. v. Corrections Corporation of America,* Civil Action File No. 3:12-cv-00246-JGH.

F.      "MAXIMUM GROSS SETTLEMENT AMOUNT" means the amount set forth on EXHIBIT 1 to this SETTLEMENT AGREEMENT.   The MAXIMUM GROSS

SETTLEMENT AMOUNT represents the maximum amount that DEFENDANT will pay pursuant to this SETTLEMENT AGREEMENT, inclusive of SETTLEMENT PAYMENTS, PLAINTIFFS' COUNSEL'S FEES AND COSTS, and the employer's share of payroll taxes. DEFENDANT shall not be called upon or required to pay additional monies above the MAXIMUM GROSS SETTLEMENT AMOUNT in connection with this SETTLEMENT AGREEMENT under any circumstances whatsoever.  Any interest earned on the MAXIMUM GROSS SETTLEMENT AMOUNT during the period of settlement administration under this SETTLEMENT AGREEMENT will remain DEFENDANT'S sole and exclusive property. Any amounts that are not distributed pursuant to this SETTLEMENT AGREEMENT shall be retained by DEFENDANT.  The MAXIMUM GROSS SETTLEMENT AMOUNT shall not be segregated and may remain in DEFENDANT'S general funds until distributed.

G.       "OPT-IN PLAINTIFFS" means the thirteen (13) individuals who filed with the COURT, and who have not subsequently withdrawn, written consents to join the LITIGATION.  The OPT-IN PLAINTIFFS are identified by name on EXHIBIT 1 hereto.

H.       "PARTIES" refers to PLAINTIFFS, the OPT-IN PLAINTIFFS and DEFENDANT and, in the singular, refers to any of them, as the context makes apparent.

I.       "PLAINTIFFS" means Michael E. Johnson, Richie Chesser, Stephen Herman, Robert K. Mitchell, Angel Pascual, Jennifer M. Ponce, Victoria Montgomery, Maurice Burke, Jr, Christy Branham, Matthew Crittenden, Amy Tackett and Troy Wilson, the individuals named in the caption of the Second Amended Complaint filed in the LITIGATION.

J.       "PLAINTIFFS' COUNSEL" refers to Thomas W. Miller, Elizabeth C. Woodford and Don A. Pisacano of Miller, Griffin & Marks, P.S.C.

K.      "PLAINTIFFS' COUNSEL'S FEES AND COSTS" means those fees, costs and other expenses set forth herein in Section III.

L.      "RELEASED CLAIMS" means those claims released by each of the PLAINTIFFS and OPT-IN PLAINTIFFS, as set forth in detail in Section IV.

M.      "RELEASED PERSONS" means DEFENDANT and its past, present, and future parents, affiliates, subsidiaries, divisions, predecessors, successors, partners, joint venturers, affiliated organizations, shareholders, insurers, reinsurers and assigns, and each of its/their past, present and future officers, directors, trustees, agents, employees, attorneys, contractors, representatives, benefits plans sponsored or administered by DEFENDANT, divisions, units, and branches, and any other persons or entities acting on behalf of any of the foregoing.

N.      "RELEASING PERSONS" means each of the PLAINTIFFS and each and every OPT-IN PLAINTIFF, and each of the PLAINTIFFS' and OPT-IN PLAINTIFFS' respective spouses, heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, estates, personal representatives, successors-in-interest, and assigns.

O.      "REVISED MAXIMUM GROSS SETTLEMENT AMOUNT" means the MAXIMUM GROSS SETTLEMENT AMOUNT minus PLAINTIFFS' COUNSEL'S FEES AND COSTS.

P.      "SETTLEMENT AGREEMENT" refers to this written Settlement Agreement document, including any exhibit(s).

Q.      "SETTLEMENT PAYMENT" refers to the individual payments to which each PLAINTIFF and OPT-IN PLAINTIFF shall be entitled pursuant to and in accordance with this SETTLEMENT AGREEMENT.

### III.   <u>TERMS OF SETTLEMENT</u>

A.     After the SETTLEMENT AGREEMENT is executed by PLAINTIFFS (on behalf of themselves and all OPT-IN PLAINTIFFS), DEFENDANT, and counsel for the PARTIES, the PARTIES shall submit this SETTLEMENT AGREEMENT to the COURT for approval and shall jointly request entry of an APPROVAL ORDER utilizing a mutually acceptable form of joint motion for final approval of the SETTLEMENT AGREEMENT.   Except to the extent provided below with respect to the termination of this SETTLEMENT AGREEMENT, the PARTIES agree to use their best efforts to secure an APPROVAL ORDER from the COURT.

B.     **PLAINTIFFS' COUNSEL'S FEES AND COSTS**

1.     Contemporaneously with the PARTIES' submission of the SETTLEMENT AGREEMENT to the COURT for approval, PLAINTIFFS' COUNSEL will apply for an award of attorneys' fees and reasonable costs and expenses not to exceed $131,000. DEFENDANT will not oppose such application, and provided that the COURT's award for such fees, costs and expenses (collectively "PLAINTIFFS' COUNSEL'S FEES AND COSTS") does not exceed $131,000, DEFENDANT shall not appeal the COURT's award. PLAINTIFFS and/or PLAINTIFFS' COUNSEL shall retain the right to appeal the COURT's award of PLAINTIFF'S COUNSEL'S FEES AND COSTS if that award is less than $131,000, but DEFENDANT shall not be responsible for any costs or fees that PLAINTIFFS' COUNSEL may incur in pursuit of any such appeal.

2.     Within ten (10) business days after the FINAL EFFECTIVE DATE, DEFENDANT shall make payment to PLAINTIFFS' COUNSEL for PLAINTIFFS' COUNSELS' FEES AND COSTS via wire transfer.   Before DEFENDANT shall be obligated to make this payment, however, PLAINTIFFS' COUNSEL shall provide DEFENDANT with all information necessary to effectuate such payment (*e.g.*, executed IRS Forms W-9).

3.     Payment of such PLAINTIFFS' COUNSELS' FEES AND COSTS to PLAINTIFFS' COUNSEL as set forth in this SETTLEMENT AGREEMENT shall constitute full satisfaction of any and all obligations by DEFENDANT to pay any person, attorney or law firm (including but not limited to PLAINTIFFS' COUNSEL) for attorneys' fees, expenses or costs (including but not limited to any fees, costs and expenses related to testifying and non-testifying experts and consultants) incurred on behalf of PLAINTIFFS and OPT-IN PLAINTIFFS and shall relieve the RELEASED PERSONS from any other claims or liability to any person for any attorneys' fees, expenses, and costs (including but not limited to any fees, costs and expenses related to testifying and non-testifying experts and consultants) to which any person may claim to be entitled on behalf of any PLAINTIFFS or OPT-IN PLAINTIFF for this LITIGATION.  Upon payment of PLAINTIFFS' COUNSELS' FEES AND COSTS hereunder, PLAINTIFFS' COUNSEL and PLAINTIFFS and the OPT-IN PLAINTIFFS shall be deemed to have released DEFENDANT and RELEASED PERSONS from any and all claims for prevailing party attorneys' fees, expenses, and costs (including but not limited to any fees, costs and expenses related to testifying and non-testifying experts and consultants) relating to this LITIGATION.  PLAINTIFFS' COUNSEL further represent and certify that they are not aware of any liens for attorneys' fees, expenses or costs existing, filed, or asserted with respect to any of the claims asserted in this LITIGATION.

C.     **SETTLEMENT PAYMENTS**

1.     Assuming that the COURT approves an award of PLAINTIFFS' COUNSEL'S FEES AND COSTS in the maximum amount contemplated by this SETTLEMENT AGREEMENT, the individual amounts allocated to each of the PLAINTIFFS and each OPT-IN PLAINTIFF as their individual SETTLEMENT PAYMENTS are set forth on

EXHIBIT 1.    PLAINTIFFS and OPT-IN PLAINTIFFS represent and agree that these distributions are fair and reasonable and have been expressly reviewed by and agreed upon by each of the PLAINTIFFS and OPT-IN PLAINTIFFS.

2.    In the event that the COURT approves an award of PLAINTIFFS' COUNSEL'S FEES AND COSTS that is less than the maximum amount contemplated by this SETTLEMENT AGREEMENT, then the individual amounts allocated to each of the PLAINTIFFS and each OPT-IN PLAINTIFF will be recalculated by PLAINTIFFS' COUNSEL pursuant to an equitable formula agreed upon by PLAINTIFFS' COUNSEL, PLAINTIFFS AND OPT-IN PLAINTIFFS.

3.    Each SETTLEMENT PAYMENT shall be separated into two equal amounts:  fifty percent (50%) shall be allocated to the claims asserted in the LITIGATION for unpaid overtime compensation and any other wage-related damages, and fifty percent (50%) shall be allocated to the claims asserted in the LITIGATION for liquidated damages and other relief.  The portion allocated to claims for unpaid overtime compensation and other wage-related damages shall be subject to all required employee paid payroll taxes and deductions (*e.g.*, federal income taxes, state income taxes, employee's share of FICA taxes, and other state-specific statutory deductions), and shall be subject to IRS Form W-2 reporting.  The portion allocated to liquidated damages and other relief shall be characterized as non-wage income to the recipient, and shall be subject to IRS Form 1099 reporting.

4.    Within ten (10) business days after the FINAL EFFECTIVE DATE, DEFENDANT shall deliver the individual SETTLEMENT PAYMENTS, less required withholdings and deductions, to PLAINTIFFS' COUNSEL, for delivery to PLAINTIFFS and

the OPT-IN PLAINTIFFS in accordance with the remaining terms of this SETTLEMENT AGREEMENT.

       5.     PLAINTIFFS and the OPT-IN PLAINTIFFS shall be given ninety (90) calendar days from the date on which the SETTLEMENT PAYMENTS are mailed to PLAINTIFFS' COUNSEL to negotiate their individual SETTLEMENT PAYMENT checks. DEFENDANT and its counsel shall not be liable for lost or stolen settlement checks, for forged signatures on settlement checks, or for unauthorized negotiation of settlement checks. Unless otherwise required by the relevant state escheatment laws, one hundred percent (100%) of any unclaimed SETTLEMENT PAYMENTS shall be retained by DEFENDANT.

## IV.   RELEASE OF CLAIMS; WAIVER; ASSIGNMENT OF RIGHTS

A.    Each of the PLAINTIFFS and OPT-IN PLAINTIFFS hereby fully releases, acquits and forever discharges the RELEASED PERSONS, from any and all wage and hour claims of any kind, including but not limited to claims under the FLSA, the Kentucky Act, and/or claims under any other federal, state or local wage and hour law, and including but not limited to claims for unpaid wages, claims for overtime compensation, claims of retaliation, or related claims for liquidated damages, interests, penalties, fees or costs, that each of the PLAINTIFFS and OPT-IN PLAINTIFFS has, had, might have or might have had against any of the RELEASED PERSONS in connection with the PLAINTIFFS' and OPT-IN PLAINTIFF'S employment by DEFENDANT as Assistant Shift Supervisors and/or Shift Supervisors, based on any act or omission that occurred prior to and including the FINAL EFFECTIVE DATE, even if presently unknown and/or un-asserted, and specifically including any claims that were or could have been asserted in the LITIGATION.

B.    The RELEASING PERSONS further covenant and agree that, since they are settling disputed claims, they will not accept, recover or receive any back pay, liquidated

damages, other damages, penalties, or any other form of relief based on any of the RELEASED

CLAIMS asserted or settled in the LITIGATION which may arise out of, or in connection with

any other individual, representative, class or any administrative remedies pursued by any

individual(s) or any federal, state or local governmental agency against any of the RELEASED

PERSONS.

C.      The RELEASING PERSONS further acknowledge that they shall be enjoined

from pursuing any RELEASED CLAIM that any RELEASING PERSON has, had, might have

or might have had against any of the RELEASED PERSONS based on any act or omission that

occurred up to and including the FINAL EFFECTIVE DATE.

D.      The RELEASING PERSONS acknowledge that they each may have claims

related to the RELEASED CLAIMS that are presently unknown and that the release contained in

this SETTLEMENT AGREEMENT is intended to and will fully, finally, and forever discharge

even such claims, whether now asserted or un-asserted, known or unknown, to the extent they

fall within the description of claims being released above.

In giving this waiver, the RELEASING PERSONS acknowledge that they may hereafter

discover facts in addition to or different from those which they now believe to be true with

respect to the subject matter released herein, but agree that they have taken that possibility into

account in reaching this SETTLEMENT AGREEMENT and that, notwithstanding the discovery

or existence of any such additional or different facts, as to which the RELEASING PERSONS

expressly assume the risk, they freely and voluntarily give the release set forth above.  Upon the

FINAL EFFECTIVE DATE of this SETTLEMENT AGREEMENT, each of the PLAINTIFFS

and all OPT-IN PLAINTIFFS shall be deemed to have given this release.

E.     RELEASING PERSONS represent and warrant that nothing that would otherwise be released herein has been assigned, transferred, or hypothecated or purportedly assigned, transferred, or hypothecated.

F.     PLAINTIFFS and each OPT-IN PLAINTIFF will be bound by the terms and conditions of this SETTLEMENT AGREEMENT, the APPROVAL ORDER, the judgment, and the releases set forth herein.

### V.     MEDIA, CONFIDENTIALITY AND NON-SOLICITATON OBLIGATIONS

A.     From November 21, 2013, until the submission of the SETTLEMENT AGREEMENT to the COURT for its approval, the PARTIES and their counsel agree to keep the terms of this SETTLEMENT AGREEMENT confidential, except to the limited extent required to seek the COURT'S APPROVAL ORDER.   The PARTIES agree to seek the COURT'S permission to file EXHIBIT 1 under seal.   If EXHIBIT 1 is sealed pursuant to an Order of the COURT, the PARTIES and their counsel agree to keep the terms of EXHIBIT 1 confidential so long as it remains under seal.

B.     Regardless of whether EXHIBIT 1 is sealed, the PARTIES and their counsel agree not to: (a) issue a press release or otherwise communicate with the media about the LITIGATION or the terms of this SETTLEMENT AGREEMENT; (b) advertise any of the terms of the SETTLEMENT AGREEMENT through written, recorded, or electronic communications; and/or, (c) post or cause to be posted on any website any information concerning the terms of the SETTLEMENT AGREEMENT.   To the extent that the PARTIES or their counsel are contacted by the media about the SETTLEMENT AGREEMENT, they shall simply respond that the matter has been resolved.

C.     The PARTIES further agree that the Offer of Judgment, which was made by CCA on or about October 22, 2013, and provisionally accepted by PLAINTIFFS and OPT-IN

PLAINTIFFS on or about November 4, 2013, has been superseded by this SETTLEMENT AGREEMENT and, therefore, has no effect upon the LITIGATION and may not be filed with the COURT.

D.      PLAINTIFFS and PLAINTIFFS' COUNSEL agree not to proactively solicit any other individuals who were or are currently employed by DEFENDANT in the position of Assistant Shift Supervisor or Shift Supervisor, including those individuals who were eligible to participate in the LITIGATION and whose contact information was provided by DEFENDANT to PLAINTIFFS' COUNSEL for notice purposes in the LITIGATION but who chose not to join the LITIGATION as OPT-IN PLAINTIFFS, with regard to potential claims that those individuals might have against DEFENDANT.  Nothing in this Paragraph shall be construed as to prohibit PLAINTIFFS' COUNSEL from agreeing to represent any individuals who were or are currently employed by DEFENDANT in the position of Assistant Shift Supervisor or Shift Supervisor and who, without solicitation by PLAINTIFFS or PLAINTIFFS' COUNSEL, approach PLAINTIFFS' COUNSEL and engage PLAINTIFFS' COUNSEL to represent them against DEFENDANT.

E.      Notwithstanding the forgoing, PLAINTIFFS' COUNSEL will not be barred by this SETTLEMENT AGREEMENT from communicating with their existing clients, or from responding to unsolicited inquiries they may receive from other individuals.  Also, nothing in this SETTLEMENT AGREEMENT shall be construed to prevent DEFENDANT from communicating with its employees or responding to inquiries from its employees regarding any matter, including the LITIGATION or this SETTLEMENT AGREEMENT.

F.      Consistent with the Protective Order entered in the LITIGATION, the PARTIES reconfirm their agreement that after the termination of this LITIGATION, including all appeals,

all Confidential Information (as defined in the Protective Order) supplied by any Producing Party, and all copies thereof, shall be returned by the Receiving Party to the Producing Party or, at the Producing Party's option, shall be destroyed by the Receiving Party.  The PARTIES also reconfirm their agreement that the Receiving Party shall certify to the Producing Party that all Confidential Information has been returned or destroyed.  This paragraph does not replace or otherwise affect the Protective Order entered by the COURT.

### VIII.   TERMINATION OF THE SETTLEMENT AGREEMENT

A.      Any PARTY may terminate the SETTLEMENT AGREEMENT if the COURT declines to enter the APPROVAL ORDER or judgment in substantially the same form submitted by the PARTIES, a Court of Appeal reverses the entry of an APPROVAL ORDER or judgment, or the settlement as agreed does not become final for any other reason, provided, the PARTIES agree to work cooperatively and in good faith in an attempt to address and resolve any concerns identified by the COURT or a Court of Appeal in declining to enter the APPROVAL ORDER or judgment in the form submitted by the PARTIES.

B.      To terminate this SETTLEMENT AGREEMENT as specified above, the terminating PARTY shall give written notice to counsel of record for the other PARTY no later than fifteen (15) business days after the terminating PARTY learns that the applicable ground for termination has been satisfied.

C.      In the event that this SETTLEMENT AGREEMENT is canceled, rescinded, terminated, voided, or nullified, however that may occur, or the settlement of the LITIGATION is barred by operation of law, is invalidated, is not approved or otherwise is ordered not to be carried out by any COURT:  (1) the SETTLEMENT AGREEMENT shall have no force or effect, and no PARTY shall be bound by any of its terms with respect to the

terminating PARTIES; (2) DEFENDANT shall have no obligation to make any of the payments described herein; (3) the APPROVAL ORDER shall be vacated; (4) the SETTLEMENT AGREEMENT and all negotiations, statements and proceedings relating thereto shall be without prejudice to the rights of any of the PARTIES, all of whom shall be restored to their respective positions in the LITIGATION prior to the settlement; (5) neither this SETTLEMENT AGREEMENT, nor any ancillary documents, actions, statements or filings in furtherance of settlement (including all matters associated with the mediation) shall be admissible or offered into evidence in the LITIGATION or any other action as an admission of any kind as to liability, damages, similarity, or for any purpose whatsoever; and, (6) the PARTIES shall reserve the right to advocate their respective positions with respect to the merits of the claims and defenses asserted in the LITIGATION and as to the issue of whether the LITIGATION should proceed as a collective action.

## IX.    PARTIES' AUTHORITY

The signatories hereby represent that they are fully authorized to enter into this SETTLEMENT AGREEMENT and bind the PARTIES hereto to the terms and conditions hereof.

## X.    MUTUAL FULL COOPERATION

The PARTIES agree to fully cooperate with each other to accomplish the terms of the SETTLEMENT AGREEMENT, including, but not limited to, executing such documents and taking such other action as may reasonably be necessary to implement the terms of the SETTLEMENT AGREEMENT.  The PARTIES to the SETTLEMENT AGREEMENT shall use their best efforts, including all efforts contemplated by the SETTLEMENT AGREEMENT and any other efforts that may become necessary by order of the COURT, or otherwise, to

effectuate the SETTLEMENT AGREEMENT and the terms set forth herein.  As soon as practicable after execution of the SETTLEMENT AGREEMENT, PLAINTIFFS' COUNSEL shall, with the assistance and cooperation of DEFENDANT and their counsel, take all necessary steps to secure the COURT'S APPROVAL ORDER.

## XII.   CONSTRUCTION AND INTERPRETATION

A.   The PARTIES hereto agree that the terms and conditions of the SETTLEMENT AGREEMENT are the result of lengthy, intensive, arms-length negotiations among the PARTIES, and the SETTLEMENT AGREEMENT shall not be construed in favor of or against any PARTY by reason of the extent to which any PARTY or his, her or its counsel participated in the drafting of the SETTLEMENT AGREEMENT.

B.   Paragraph titles are inserted as a matter of convenience for reference, and in no way define, limit, extend, or describe the scope of this SETTLEMENT AGREEMENT or any of its provisions.  Each term of this SETTLEMENT AGREEMENT is contractual and not merely a recital.

C.   This SETTLEMENT AGREEMENT shall be subject to and governed by the laws of the State of Kentucky and subject to the continuing jurisdiction of the United States District Court for the Western District of Kentucky, Louisville Division.

## XIII.  FORM AND CONTENT RESOLUTION

The PARTIES agree they have reached agreement on the form and content of the SETTLEMENT AGREEMENT and its exhibits, the Motion for Approval, and the proposed APPROVAL ORDER.

## XIV.   COUNTERPARTS

The SETTLEMENT AGREEMENT may be executed in counterparts, and when each designated signatory has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one SETTLEMENT AGREEMENT, which shall be binding upon and effective as to all PARTIES.

## XV.   INTEGRATION CLAUSE

This SETTLEMENT AGREEMENT sets forth the entire agreement between the PARTIES hereto and fully supersedes any and all prior agreements or understandings, written or oral, between the PARTIES pertaining to the subject matter hereof, including, but not limited to, any and all written and oral agreements reached between the PARTIES during the mediation and negotiations that resulted in this SETTLEMENT AGREEMENT.

## XVI.   BINDING ON ASSIGNS

This SETTLEMENT AGREEMENT shall be binding upon and inure to the benefit of the PARTIES and their respective heirs, trustees, executors, administrators, successors, and assigns.

## XVII.   MODIFICATION

No rights hereunder may be waived or modified except in a writing signed by duly authorized representatives of the PARTIES.

## XVIII. ENFORCEMENT OF THE SETTLEMENT AGREEMENT

In the event of a dispute concerning the rights or obligations under the SETTLEMENT AGREEMENT, the PARTIES shall first meet and confer in a good faith attempt to resolve the matter.

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]

IN WITNESS WHEREOF, the undersigned have duly executed this SETTLEMENT

AGREEMENT:

**PLAINTIFFS**                                    **DEFENDANT:**

Michael E. Johnson                               Corrections Corporation of America.

November 22, 2013                                By:_____
Date
                                                 Name:_____
_____
Richie Chesser                                   Title:_____

_____                 Date:_____
Date
                                                 **DEFENDANT'S COUNSEL:**
_____
Stephen Herman                                   _____
                                                 Margaret T. Blackwood
_____                 Robert W. Pritchard
Date                                             **Littler Mendelson, P.C.**

_____
Robert K. Mitchell

_____
Date

_____
Angel Pascual

_____
Date

_____
Jennifer M. Ponce

_____
Date

_____
Victoria Peters (Montgomery)

_____
Date

11/25/2013 08:44 FAX 6592691662          MILLER GRIFFIN & MARKS          ☒003

IN WITNESS WHEREOF, the undersigned have duly executed this SETTLEMENT

AGREEMENT:

**PLAINTIFFS**                                    **DEFENDANT:**

                                                 Corrections Corporation of America.
_____
Michael E. Johnson                                By:_____

                                                 Name:_____
_____
Date                                             Title:_____

*Richie Chesser*                                 Date:_____
Richie Chesser

___11-25-13_____                             **DEFENDANT'S COUNSEL:**
Date

                                                 _____
_____                 Margaret T. Blackwood
Stephen Herman                                   Robert W. Pritchard
                                                 Littler Mendelson, P.C.
_____
Date


_____
Robert K. Mitchell


_____
Date


_____
Angel Pascual


_____
Date


_____
Jennifer M. Ponce


_____
Date


_____
Victoria Peters (Montgomery)


_____
Date

- 18 -

IN WITNESS WHEREOF, the undersigned have duly executed this SETTLEMENT AGREEMENT:

**PLAINTIFFS**

_____
Michael E. Johnson

_____
Date

_____
Richie Chesser

_____
Date

_____
Stephen Herman

11-25-13
Date

_____
Robert K. Mitchell

_____
Date

_____
Angel Pascual

_____
Date

_____
Jennifer M. Ponce

_____
Date

_____
Victoria Peters (Montgomery)

_____
Date

**DEFENDANT:**

Corrections Corporation of America

By: _____

Name: _____

Title: _____

Date: _____

**DEFENDANT'S COUNSEL:**

_____
Margaret T. Blackwood
Robert W. Pritchard
Littler Mendelson, P.C.

IN WITNESS WHEREOF, the undersigned have duly executed this SETTLEMENT
AGREEMENT:

**PLAINTIFFS**                              **DEFENDANT:**

_____                     Corrections Corporation of America.
Michael E. Johnson
                                            By:_____
_____
Date                                        Name:_____

_____                     Title:_____
Richie Chesser
                                            Date:_____
_____
Date                                        **DEFENDANT'S COUNSEL:**

_____                     _____
Stephen Herman                              Margaret T. Blackwood
                                            Robert W. Pritchard
_____                     **Littler Mendelson, P.C.**
Date

_____
Robert K. Mitchell

_11-23-2013_____
Date

_____
Angel Pascual

_____
Date

_____
Jennifer M. Ponce

_____
Date

_____
Victoria Peters (Montgomery)

_____
Date

- 18 -

IN WITNESS WHEREOF, the undersigned have duly executed this SETTLEMENT

AGREEMENT:

**PLAINTIFFS**

 

_____
Michael E. Johnson

_____
Date

_____
Richie Chesser

_____
Date

_____
Stephen Herman

_____
Date

_____
Robert K. Mitchell

_____
Date

*Angel Pascual* (signature)
_____
Angel Pascual

*11-23-2013*
_____
Date

_____
Jennifer M. Ponce

_____
Date

_____
Victoria Peters (Montgomery)

_____
Date

**DEFENDANT:**

Corrections Corporation of America.

By: _____

Name: _____

Title: _____

Date: _____

**DEFENDANT'S COUNSEL:**

_____
Margaret T. Blackwood
Robert W. Pritchard
**Littler Mendelson, P.C.**

- 18 -

IN WITNESS WHEREOF, the undersigned have duly executed this SETTLEMENT

AGREEMENT:

**PLAINTIFFS**

_____
Michael E. Johnson

_____
Date

_____
Richie Chesser

_____
Date

_____
Stephen Herman

_____
Date

_____
Robert K. Mitchell

_____
Date

_____
Angel Pascual

_____
Date

_____
Jennifer M. Ponce

_____11-25-13_____
Date

_____
Victoria Peters (Montgomery)

_____
Date

**DEFENDANT:**

Corrections Corporation of America.

By:_____

Name:_____

Title:_____

Date:_____

**DEFENDANT'S COUNSEL:**

_____
Margaret T. Blackwood
Robert W. Pritchard
**Littler Mendelson, P.C.**

- 18 -

IN WITNESS WHEREOF, the undersigned have duly executed this SETTLEMENT

AGREEMENT:

**PLAINTIFFS**                           **DEFENDANT:**

_____             Corrections Corporation of America.
Michael E. Johnson
                                        By:_____

_____             Name:_____
Date
                                        Title:_____

_____             Date:_____
Richie Chesser

_____             **DEFENDANT'S COUNSEL:**
Date

_____             _____
Stephen Herman                          Margaret T. Blackwood
                                        Robert W. Pritchard
_____             **Littler Mendelson, P.C.**
Date

_____
Robert K. Mitchell

_____
Date

_____
Angel Pascual

_____
Date

_____
Jennifer M. Ponce

_____
Date

_____
Victoria Peters (Montgomery)
11-25-13
Date

- 18 -

_Maurice Burke Jr._
Maurice Burke, Jr.

_11-22-2013_
Date

_____
Christy Branham

_____
Date

_____
Matthew Crittendon

_____
Date

_____
Amy Tackett

_____
Date

_____
Troy Wilson

_____
Date

**PLAINTIFF'S COUNSEL:**

_____
Thomas W. Miller
Elizabeth C. Woodford
Don A. Pisacano
**Miller, Griffin & Marks, P.S.C.**

NOV-25-2013 15:40   FROM:CITY OF WHEELWRIGHT   1606452Ц203            TO:18592591562            P.1/2

Message    CCA Johnson...                                    

Maurice Burke, Jr.

_____
Date

_____
Christy Branham

_____
Date

_____
Matthew Crittendon

_____
Date

_____
Amy Tackett

_____
Date

_____
Troy Wilson

_____
Date

**PLAINTIFF'S COUNSEL:**

_____
Thomas W. Miller
Elizabeth C. Woodford
Don A. Pisacano
**Miller, Griffin & Marks, P.S.C.**

- 19 -

_____
Maurice Burke, Jr.

_____
Date

_____
Christy Branham

_____
Date

_____
Matthew Crittendon

_11-25-13_____
Date

_____
Amy Tackett

_____
Date

_____
Troy Wilson

_____
Date

**PLAINTIFF'S COUNSEL:**

_____
Thomas W. Miller
Elizabeth C. Woodford
Don A. Pisacano
**Miller, Griffin & Marks, P.S.C.**

_____
Maurice Burke, Jr.

_____
Date

_____
Christy Branham

_____
Date

_____
Matthew Crittendon

_____
Date

_____
Amy Tackett

_____
Date

_____
Troy Wilson

_____
Date

**PLAINTIFF'S COUNSEL:**

_____
Thomas W. Miller
Elizabeth C. Woodford
Don A. Pisacano
**Miller, Griffin & Marks, P.S.C.**

_____
Maurice Burke, Jr.

_____
Date

_____
Christy Branham

_____
Date

_____
Matthew Crittendon

_____
Date

_____
Amy Tackett

_____
Date

_____
Troy Wilson

_____
Date

**PLAINTIFF'S COUNSEL:**

_____
Thomas W. Miller
Elizabeth C. Woodford
Don A. Pisacano
**Miller, Griffin & Marks, P.S.C**.

IN WITNESS WHEREOF, the undersigned have duly executed this SETTLEMENT

AGREEMENT:

**PLAINTIFFS**                          **DEFENDANT:**

_____         Corrections Corporation of America.

Michael E. Johnson              By: _Steven Evans Groom_

                                Name: _Steven Evans Groom_

_____         Title: _Executive Vice President; General Counsel_

Date                            Date: _11-26-13_____

_____         **DEFENDANT'S COUNSEL:**

Richie Chesser

                                _____

_____         Margaret T. Blackwood

Date                            Robert W. Pritchard
                                **Littler Mendelson, P.C.**

_____

Stephen Herman

_____

Date

_____

Robert K. Mitchell

_____

Date

_____

Angel Pascual

_____

Date

_____

Jennifer M. Ponce

_____

Date

_____

Victoria Montgomery

_____

- 18 -