UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:12-CV-00246-H

MICHAEL E. JOHNSON, *et al.*                                                                PLAINTIFFS

vs.

CORRECTIONS CORPORATION OF                                DEFENDANT
AMERICA

**MEMORANDUM OPINION AND ORDER**

Pursuant to Fed. R. Civ. P. 24(b), Prison Legal News ("PLN") seeks to intervene in this action and to unseal the exhibits offered by the parties in support of their court-approved settlement agreement. For the reasons that follow, the Court will grant PLN's motions.

**I.**

Defendant, Corrections Corporation of America ("CCA"), is a private prison management company that previously operated two prison facilities in Kentucky—Marion Adjustment Center and Otter Creek Correctional Facility. Plaintiffs, certain current and former employees of CCA, filed this action under the Fair Labor Standards Act (FLSA) and the Kentucky Wage and Hour Act, alleging that CCA misclassified them as exempt from the acts' respective overtime provisions and thereby wrongfully withheld earned overtime compensation. Although Defendant denied Plaintiffs' allegations, the parties stipulated to the conditional certification of a class consisting of current and former employees at the two facilities. Twenty-five individuals participated in this action as party plaintiffs pursuant to 29 U.S.C. § 216(b).

The parties finalized the terms of a settlement agreement on November 21, 2013. They jointly filed a motion for court approval of their agreement and also moved to seal two supporting exhibits that contained "information concerning the amount that will be paid to each

1

Plaintiff if the settlement is approved" and "information pertaining to Plaintiffs' counsel's attorneys' fees and costs." On November 27, 2013, this Court approved the parties' settlement agreement and granted their motion to seal the supporting exhibits.

On February 4, 2014, PLN moved to intervene in this action and to unseal the confidential exhibits. PLN is a subsidiary of the Human Rights Defense Center, a 501(c)(3) non-profit corporation. PLN provides analysis of prison-related news through its website and its monthly publication, *Prison Legal News*, reporting on such issues as disciplinary hearings, prison conditions, jail litigation, and the private prison industry. PLN claims it seeks access to the exhibits to adequately report the outcome of the FLSA dispute between the parties.

The Court will consider PLN's motion to intervene and its motion to unseal the exhibits in turn.

## II.

Fed. R. Civ. P. 24(b) and Sixth Circuit precedent provide that a district court may allow a party to intervene in an action (1) where the motion is timely, (2) where the proposed intervenor "has a claim or defense that shares with the main action a common question of law or fact," and (3) where the intervention will not "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b); *Bradley v. Milliken*, 828 F.2d 1186, 1193–94 (6th Cir. 1987).

Here, PLN satisfies the conditions that make permissive intervention appropriate. First, because PLN moved to intervene on February 4, 2014—less than ten weeks after the order sealing the exhibits gave rise to PLN's interest in participating in the case—its motion is timely. Second, because PLN seeks to challenge the confidentiality order sealing the settlement exhibits, its claim has "a question of law or fact in common" with the main action. *See Pansy v. Borough*

*of Stroudsburg*, 23 F.3d 772, 778 (3d Cir. 1994). Third, because PLN seeks intervention to challenge a protective order and not to participate on the merits, its intervention would not prejudice the existing parties. *See In re Ethylene Propylene Diene Monomer (EPDM) Antitrust Litig.*, 255 F.R.D. 308, 315 (D. Conn. 2009). Accordingly, the Court will grant PLN's motion to intervene.

### III.

The Court will now consider PLN's motion to unseal the settlement exhibits.

The Supreme Court has stated that "every court has supervisory power over its own records and files" and that "the decision whether to permit [public] access [to court records] is best left to the sound discretion of the trial court . . . ." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978). As the Sixth Circuit has noted, however, "having . . . 'discretion' to deny access to documents does not . . . imply that the District Court operates without standards." *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1177 (6th Cir. 1983). Specifically, the Court's discretion to deny access to its files "is circumscribed by a long-established legal tradition"—i.e. the presumptive right of public access to judicial records. *Id.* This right is based on "the citizen's desire to keep a watchful eye on the workings of [a] public agenc[y]," *Nixon* 435 U.S. at 598, and it extends to records filed in support of a court-approved settlement agreement, *In re Polemar Constr. Ltd. P'ship*, 23 Fed. App'x 423, 425 (6th Cir. 2001).

The public right of access is not absolute, however, and courts have properly denied access when "files might have become a vehicle for improper purposes . . . [and] when interests of privacy outweigh the public's right to know." *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 474 (6th Cir. 1983). Thus, in determining whether to permit public inspection of its

records, the Court must "balance the public's common law right of access against the interests favoring nondisclosure." *In re Polemar* 23 Fed. App'x at 425.

In balancing these competing interests, the Court bears in mind that the party seeking to block public inspection carries the burden of showing that some significant, countervailing interest outweighs the public right of access. *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007). As the Sixth Circuit has observed, "Only the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville* 723 F.2d at 476. Even litigants' reliance on the confidentiality of certain documents in reaching a court-approved settlement agreement fails to overcome the presumption of public access. *See e.g. Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992); *Prater v. Commerce Equities Mgmt. Co.*, No. H–07–2349, 2008 WL 5140045, at *10 (S.D. Tex. Dec. 8, 2008); s*ee also Jessup v. Luther*, 277 F.3d 926, 929 (7th Cir. 2002) ("The public has an interest in knowing what terms of settlement a federal judge would approve and perhaps therefore nudge the parties to agree to.").

Here, PLN moves to unseal the exhibits filed in support of the parties' court-approved settlement agreement. These documents constitute judicial records and are therefore presumptively open to public inspection. Defendant nevertheless argues that significant interests outweigh the common law right of access.

First, Defendant argues that because the Court "carefully considered and granted" the parties' motion to seal the exhibits, the Court should not now unseal the documents. In granting an unopposed motion to seal documents supporting a settlement agreement, however, the Court does not enjoin itself from later revisiting its decision if, as here, a third party comes forward seeking access to the sealed material. It reserves the authority to vacate a protective order if

4

subsequently challenged and if the parties seeking to preserve confidentiality cannot overcome the presumption in favor of public access.

Second, Defendant argues that because the parties relied on the confidentiality of the exhibits in negotiating their settlement, the Court should decline to unseal the documents. Even assuming, however, that the protective order was a material element of the parties' agreement, their reliance on the documents' confidentiality does not outweigh the interests in favor of permitting public inspection. Moreover, Defendant has not convinced the Court precisely why confidentiality was so material.

Finally, Defendant argues that no compelling reason justifies unsealing the exhibits. This argument, however, overlooks the strong interest retained by the public in having access to judicial records, including the settlement exhibits the parties filed with the Court. Moreover, this argument ignores the weight of authority holding that the party seeking to uphold a challenged confidentiality order bears the burden of showing that some significant interest outweighs the presumptive right of access.

Consequently, Defendant fails to overcome the presumption in favor of permitting public access, and the exhibits must be open to public inspection.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that PLN's motion to intervene in this action is SUSTAINED.

IT IS FURTHER ORDERED that PLN's motion to unseal the exhibits offered in support of the parties' settlement is SUSTAINED, and the sealed exhibits [RE #55] SHALL BE UNSEALED upon entry of this order.

This is a final order.

cc: Counsel of Record